

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-21-2007

# In Re:Raphael Mendez

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1113

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re:Raphael Mendez " (2007). *2007 Decisions*. Paper 1441.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1441

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  07-1113
_____

IN RE: RAPHAEL MENDEZ,
Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court for the District of Virgin Islands
(Related to D. V.I. Crim. No. 90-0043-G-01)
_____

Submitted Under Rule 21, Fed. R. App. P.
March 9, 2007
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

(Filed: March 21, 2007)

_____

OPINION
_____

PER CURIAM.

        Pro se petitioner Raphael Mendez seeks a writ of mandamus compelling the

District Court for the District of the Virgin Islands to order his return to the Virgin Islands

for a hearing pursuant to 18 U.S.C. § 4247(b).  Mendez is presently committed at the

Federal Medical Center in Rochester, Minnesota ("FMC-Rochester").

1

In 1990, Mendez was indicted in the Virgin Islands for assault with a deadly weapon and related offenses. See United States v. Mendez, Crim A. No. 90-0043 (D. V.I). In 1991, the Virgin Islands District Court found Mendez to be suffering from a mental disease or defect rendering him mentally incompetent to stand trial. Pursuant to 18 U.S.C. § 4241(d), Mendez was committed to the custody of the Attorney General for treatment at the Mental Health Division of the Federal Correctional Institution at Butner, North Carolina ("FCI-Butner").

The warden of FCI-Butner filed a Certificate of Mental Disease or Defect and Dangerousness and a petition for civil commitment pursuant to § 4246, in the United States District Court for the Eastern District of North Carolina ("District Court"). See United States v. Raphael Mendez, Civ. A. No. 91-350-HC (E.D. N.C.). In September 1991, the District Court granted the petition and Mendez was committed to the custody of the Attorney General pursuant to § 4246(d). The District Court ordered Mendez's conditional release in 1996. He was re-committed in 2001 and his conditional release was revoked in November, 2002. Mendez challenged his re-commitment under § 4246, claiming, among other things, that the District Court lacked jurisdiction because he was charged with criminal offenses under Virgin Islands Territorial law, not federal law. The Fourth Circuit Court of Appeals affirmed the judgment of the District Court on jurisdictional and substantive grounds.

Mendez has had one hearing pursuant to 18 U.S.C. § 4247(h), at which the District Court determined that Mendez met the criteria for continued commitment under §

2

4246. In October 2006, Mendez requested another § 4247(h) hearing, scheduled for February 6, 2007, at the United States District Court in North Carolina, via teleconference from the FMC-Rochester. Mendez also filed a pro se motion in the District Court seeking a change of venue to the Virgin Islands, which the District Court denied on January 17, 2007. Mendez's appeal of the order denying his motion for change of venue is pending in the Fourth Circuit Court of Appeals.

Mendez filed this mandamus petition in December 2006, asserting that the District Court in the Virgin Islands is the proper court to hold the § 4247(h) hearing because it has jurisdiction over his criminal indictment. He seeks a writ of mandamus ordering his transfer to the Virgin Islands for the § 4247(h) hearing.

The writ of mandamus is an extraordinary remedy. To justify the Court's use of this remedy, a petitioner must demonstrate that he has a clear and indisputable right to the writ. Kerr v. United States District Court, 426 U.S. 394, 403 (1976); DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). Here, Mendez unsuccessfully challenged the District Court's jurisdiction to preside over his civil commitment proceedings in 2002. In accordance with § 4247(h), his hearing is being held in the court that ordered his commitment. The District Court denied his request for a change of venue to the Virgin Islands. His appeal from that order is pending in the Fourth Circuit Court of Appeals. Mendez has not shown that he has a clear and indisputable right to a writ of mandamus ordering the transfer of the § 4247(d) hearing to the Virgin Islands and, thus, he has not shown a clear and indisputable right to be transferred to a facility there.

3

For the foregoing reasons, the petition for a writ of mandamus will be denied.